J-S37022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STERLING ENOS | : | |
| | : | |
| Appellant | : | No. 27 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 14, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003712-2021

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JAUNARY 5, 2024**

Sterling Enos ("Enos") appeals from the judgment of sentence imposed after he pled guilty to aggravated assault and possessing an instrument of crime ("PIC").[1]  We affirm.

Enos's conviction arises from his assault of his longtime friend, Ashley Mercer ("Mercer"),[2] at a small gathering Mercer held with her adult son and her twelve-year-old granddaughter in attendance.  **See** Trial Court Opinion, 1/31/23, at 1.  When Mercer asked Enos to leave, he grabbed a butcher knife, and chased her around her apartment.  **See id**. at 1. During the altercation, Enos took a fire extinguisher from the hallway outside Mercer's apartment and

_____

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(4), 907(a).

[2] Mercer, whose birth name was "Shawn," testified she has used the name "Ashley" for the last thirty-eight years.  **See** N.T., 6/14/22, at 15, 20.

struck Mercer in the head several times with it.  **See** N.T., 12/1/21, at 11.[3]

Mercer is blind.

Enos entered an open guilty plea to aggravated assault and PIC.  On June 14, 2022, the trial court convened a sentencing hearing and had a presentence investigation report ("PSI").  **See** N.T., 6/14/22, at 3-4.  Enos, through counsel, highlighted mitigating factors including abuse he suffered as a child due to his sexual orientation[4] and requested a "county sentence and immediate parole." **See id**. at 7-8.  The Commonwealth requested a sentence of three-and-a-half to seven years of imprisonment and a probationary tail and emphasized several aggravating factors.  **See id**. at 9-13, 29.  Mercer gave a statement to the court.  **See id**. at 16-27.  Enos exercised his right of allocution and noted, in relevant part, that he suffers from two forms of cancer

---

[3] We note the trial court's and Enos's summary of the facts differs slightly from the facts Enos admitted at the guilty plea hearing, particularly as to when Enos attacked Mercer with the fire extinguisher.  **Compare** Trial Court Opinion, 1/31/23, at 1 (indicating that Enos used the fire extinguisher before police arrived); Enos's Brief at 5 (same) **with** N.T., 12/1/21, at 11 (suggesting that Enos used the fire extinguisher after police arrived).  It appears that the trial court and the parties have relied on the transcript of the preliminary hearing. At the preliminary hearing, Mercer testified that after Enos attacked her inside her apartment, Enos assaulted her in the hallway outside with the fire extinguisher before police arrived.  **See** N.T., 4/29/21, at 8-10.  Mercer also indicated that after being struck with the fire extinguisher, she managed to get back in her apartment.  **See id**. at 12, 14.  She testified Enos used a table as a battering ram against her door while paramedics were outside her apartment building.  **See id**. at 14-15.  Mercer stated she waited for a lull in Enos's attack to run out of her apartment, but Enos attacked her again before she escaped through the front of her apartment building.  **See id**. at 15-16.

[4] Counsel did not specify Enos's sexual orientation.

and his mother is ill. *See id*. at 31-33. Enos expressed his desire not to die in jail and to see his mother one more time. *See id*. Enos apologized to Mercer and asked for her forgiveness. *See id*. at 31-32.

The trial court sentenced Enos to three-and-a-half to seven years of imprisonment and a consecutive three years of reporting probation for aggravated assault.[5] The court found it "frightening" that Enos attacked his longtime friend inside her home and in front of other people, including Mercer's granddaughter. *See id*. at 34. The court also noted that Enos renewed his attack when Mercer attempted to flee from her apartment building and the paramedics did not enter the building out of fear for their safety. *See id*. The court further ordered anger management and dual diagnoses programs and indicated that it was aware that Enos previously had difficulties complying with probation. *See id*.[6]

---

[5] As noted at sentencing, Enos had a prior record score of five and the offense gravity score for aggravated assault was eight. *See* N.T., 6/14/22, at 28. The sentencing guidelines recommended a minimum sentence of between twenty-seven to thirty-three months of incarceration, plus or minus nine months for aggravating or mitigating factors. *See id*.; *see also* 204 Pa. Code § 303.16(a) (7th edition amendment 5, effective 1/1/20). Thus, the trial court's minimum sentence of three-and-a-half years (forty-two months) was at the top end of the sentencing guidelines' aggravated range.

The trial court imposed no further penalty for PIC.

[6] The PSI indicated that Enos had a history of non-compliance with court ordered conditions and homelessness. *See* PSI, 2/3/22, at 3.

Enos timely filed a post-sentence motion, which was denied by operation of law. Enos timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Enos presents the following issue for our review:

. . . Did the lower court abuse its discretion in sentencing [him] to three-and-a-half to seven] years [of] confinement based solely on the offense, but the court gave no consideration to [his] mitigation and rehabilitative needs?

Enos's Brief at 3.

Enos's sole issue on appeal implicates the discretionary aspects of sentencing. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider his brief on this issue as a petition for permission to appeal. *See Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A.§ 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

In the instant case, Enos filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement. Moreover, Enos's Rule 2119(f) statement, asserting that the trial court failed to consider all required factors pursuant 42 Pa.C.S.A. § 9721(b), raises a substantial question. ***See Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating that "[a] claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question"). Therefore, we will consider the merits of Enos's claim.

Our standard of review for challenges to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Conte***, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted). When the sentencing court applies the sentencing guidelines, this Court may only vacate if the case involves circumstances where the application of the guidelines would be clearly unreasonable. ***See*** 42 Pa.C.S.A. § 9781(c)(2); ***Commonwealth v. McCarthy***, 180 A.3d 368, 380 (Pa. Super. 2018).

Our legislature has determined that "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Moreover, "[i]n every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*. The trial court, however, need not undertake a lengthy discourse for its reasons for imposing a sentence. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted), *appeal denied*, 285 A.3d 883 (Pa. 2022).

"[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *See id*. (citation omitted).

In the matter *sub judice*, Enos insists that the court failed to consider mitigating factors, including his health issues, homelessness, acceptance of responsibility, and expressions of remorse. He acknowledges that the trial court had the benefit of a PSI but argues the court's failure to give any weight

to his rehabilitative needs and its emphasis on the facts of the case entitles him to resentencing.

The trial court asserts it considered the PSI before sentencing and that the record belies Enos's claim that it failed to consider mitigating factors. ***See*** Trial Court Opinion, 1/31/23, at 3-4. The court concludes it properly sentenced in the aggravated range where, *inter alia*, the extent and persistence of Enos's assault of Mercer in the presence of Mercer's twelve-year-old granddaughter justified the imposition of an aggravated range sentence and made greater leniency inappropriate. ***See id***. at 3.

We conclude Enos's argument that the trial court failed to consider all Enos's rehabilitative needs and other mitigating evidence merits no relief. The parties presented thorough arguments concerning the mitigating and aggravating circumstances in this case. ***See*** N.T., 6/14/22, at 7-13. Enos offered his own statement before sentencing. ***See id***. at 31-33. The court had the benefit of a PSI, and the court stated that it reviewed the PSI and fashioned its sentence accordingly. ***See id***. at 3-4, 30-31, 34; Trial Court Opinion, 1/31/23, at 4. We discern no basis that the sentence is clearly unreasonable under the circumstances of this case. ***See*** 42 Pa.C.S.A. § 9781(c)(2), (d). Thus, Enos's sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/5/2024</u>